GREGORY M. FOX, Esq. SBN 070876
ARLENE C. HELFRICH, Esq.. SBN 96461
BERTRAND, FOX & ELLIOT
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

LYNN TRACY NERLAND  Esq., SBN 148609
CITY ATTORNEY
CITY OF ANTIOCH
City Attorney's Office
P.O. Box 5007
Antioch , CA  94531

Attorneys for Defendants CITY OF ANTIOC H
And ANTIOCH POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORHTERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| CLAIM OF HAMPTON, MOJUKHAN<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT and DOES  POLICE OFFICERS 1-3.<br>    Defendants. | Case No.: C 07 3420 EDL<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANTIOCH DEFENDANTS' MOTION UNDER FEDERAL RULES 12(b)(6)**<br><br>Date:  Tuesday  August 28, 2007<br>Time:  9:00 am<br>Dept.:  CourtRoom E  15th Floor |

**MEMO OF P&A IN SUPPORT OF CITY OF ANTIOCHS'S RULE 12(b)(6) MOTION**

1

## I.   NOTICE

Please take notice that on Tuesday, August 28, 2007, or as soon thereafter as the matter may be heard in Courtroom E of the 15th Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, defendants City of Antioch and Antioch Police Department ("Antioch Defendants") will move the court to dismiss for failure of Plaintiff's Claim of Hampton, Mojukhan ("Complaint") to state a claim upon which relief can be granted.  The Antioch defendants bring this motion under Federal Rule of Civil Procedure, Rule 12(b)(6) as the  Complaint fails to state viable causes of action against the Antioch  defendants under federal or California laws.

## II.   INTRODUCTION

Plaintiff MOJUKHAN HAMPTON (Plaintiff) filed suit in Contra Costa Superior Court on March 9, 2007 under Case Number C07-00516.  The Antioch defendants were served May 30, 2007 and they filed a Notice of Removal of the entire action in the United States District Court – Northern District on June 29, 2007.  Plaintiff is presently apparently incarcerated in a state correctional facility at San Lous Obispo, California and is representing himself.

The complaint is vague and unintelligible but it appears to assert claims for "false imprisonment"  and "incarceration without due process"  arising from plaintiff's detention in the Contra Costa Couny Jail on or about April of 2005. Plaintiff appears to be stating claims under the Fourth ("False Imprisonment") and Fourteenth ("Due Process Violations")  Amendments to the United States Constitution and/or under California tort law.  Except for the statement in the complaint that plaintiff claims damages from "Antioch P.D." the complaint otherwise states no facts explaining the circumstances of his detention or how the  Antioch Defendants are allegedly liable to him for any deprivation of rights under  the California or Federal Constitutions and related laws and statutes. Plaintiff simply states "I was held without due process_ (sic) under the following circumstances: Emotional distress, injury to reputation, fear, injury to physical and mental health" Complaint page 1 at lines 24-25.   The Complaint also fails to plead compliance with the mandatory claim filing requirements of the California Government Code, Sections 930 et seq.  Finally the Complaint fails to allege any facts or federal cause of action against the Antioch Defendants as required by the case of

**MEMO OF P&A IN SUPPORT OF CITY OF ANTIOCHS'S RULE 12(b)(6) MOTION**

*Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).    For all of these deficiencies the Complaint should be dismissed without leave to amend.

### III.    LEGAL ARGUMENT

Federal Rule 12(b)(6) tests the legal sufficiency of the claims stated in the compliant.  *Levine v.Diamanthuset*, 950 F.2d 1278, 1483 (9th Cir. 1991).  The Antioch defendants contend that plaintiff's Complaint is legally insufficient in the following particulars.

**A. The Complaint Fails to Allege Facts Sufficient to Support Liability Against the Antioch Defendants Under *Monell*.**

Plaintiff's complaint maybe inferred as seeking relief under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution.   However the complaint fails to set forth any facts showing that a constitutional violation occurred.  "While the liability of municipalities doesn't turn on the liability of individual officers, it **is** contingent on a violation of constitutional rights."  (*Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1992) [emphasis added]; *cert. denied*, 515 U.S. 1159, 115 S.Ct. 2612 (1995).)  Under *City of Los Angeles v. Heller,* 475 U.S. 796 (1986) and general principles of Section 1983 liability, an individual may recover only when that individual's federal rights have been violated. (*Quintanilla v. City of Downey,* 84 F.3d 353, 356 (9th Cir. 1996); *Forrett v. Richardson,* 112 F.3d 416, 421 (9th Cir. 1997), *cert. denied,* 523 U.S. 1049, 117 S.Ct. 972 (1998).)   There are no facts alleged in the complaint showing any police officer employed by the Antioch Defendants deprived plaintiff of any rights under the U.S. Constitution.    Therefore, there can be no cause of action for civil rights violation by the Antioch Defendants and on that basis; plaintiff's Complaint should be dismissed.

Further, " a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691 (1997).  Local governing bodies can be sued directly under Section 1983 *only* where the alleged unconstitutional conduct is the result of an official policy, pattern or practice.  (*Monell*, 436 U.S. at 690.)  "A municipality can be liable under

**MEMO OF P&A IN SUPPORT OF CITY OF ANTIOCHS'S RULE 12(b)(6) MOTION**

§ 1983 <u>only</u> where its policies are the moving force behind the constitutional violation." [Emphasis added.] *City of Canton v. Harris*, 489 U.S. 378, 389 (1988), *citing Monell*, 436 U.S. at 694 and *Polk County v. Dodson*, 454 U.S. 312, 326 (1981).

The Ninth Circuit has recognized that "[Under] the liberal system of "notice pleading" set up by the Federal Rules [,] Rule 8(a)(2) ... does not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, (1993). Yet, even under these very minimal pleading requirements, the complaint fails to notify the Antioch Defendants of the basis for plaintiff's claims against these public entities. The complaint is silent and does not allege that the Antioch Defendants maintain any policies, patterns or practices which allegedly deprived plaintiff of any Constitutional rights.

For these reasons, the Complaint should be dismissed.

**B.     The Complaint Should be Dismissed Because Plaintiffs Does Not and Can Not Allege Compliance with the California Tort Claims Act**

    1. <u>This Court May Properly Consider Whether the Complaint Alleges the Required Compliance With The California Tort Claims Act</u>

Plaintiff asserts claims which maybe inferred as asserting tort claims under California law for which he seeks money damages. For example the Complaint uses the term "false imprisonment" which would be a tort under California law. But in order to properly assert state tort claims, plaintiff must have complied with the California Tort Claims Act (CTCA).

Government Code Section 945.4 provides in relevant part that:

> [N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with . . . this division until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board

"Government Code section 945.4 requires, as a prerequisite to maintenance of an action against a public entity for damages arising out of an alleged tort, the <u>timely filing</u> of a claim, and its rejection."

**MEMO OF P&A IN SUPPORT OF CITY OF ANTIOCHS'S RULE 12(b)(6) MOTION**    3

*Fall River Joint Unified School Dist. v. Superior Court* (1988) 206 Cal.App.3d 431. [Emphasis added]. "Compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action." (*Pacific Tel. & Tel. Co. v. County of Riverside* (1980) 106 Cal.App.3d 183, 188.) The Ninth Circuit has determined that compliance with the procedural requirements of the CTCA is a "substantive element of the cause of action." *Hernandez v. McClanahan,* 996 F. Supp. 975 (9th Cir. 1998); *United States v. State of California*, 655 F.2d 914, 918. (9th Cir. 1980). It is proper for federal courts to determine if a plaintiff bringing tort claims against a public entity has complied with the CTCA. *Id* at 918-919. Not only must plaintiffs have complied with the CTCA; they must allege their compliance in the complaint. Timely compliance with the claim filing requirements and rejection of the claim by the governmental agency must be pleaded in the complaint in order to state a cause of action. *Dujardin v. Ventura County General Hospital,* 69 Cal.App.3d 350, 355 (1977), *Whitfield v. Roth*, 10 Cal.3d 874, 883. These same requirements are generally applicable to claims against a public employee. See, Gov't Code Section 950.2, et seq.

> 2. Plaintiffs' Allegations Regarding Compliance with the CTCA Are Insufficient and the Complaint should be dismissed for failure to Plead Compliance With the Tort Claims Act.

Plaintiffs Complaint states that his tort claims accrued on or about April of 2005. The Complaint basically admits that plaintiff failed to file a proper claim with the Antioch Defendants and instead plaintiff may have filed a claim with the State of California. Plaintiff contends he filed with the wrong entity because he was given incorrect information by some entity called the "Legal Research Associates."

Under Cal. Gov't Code Section 911.2, claims relating to a cause of action for injury to person "shall be presented . . . not later than six months after the accrual of the cause of action." [Emphasis added]. See *Scannell v. County of Riverside* (1984) 152 Cal.App. 3d 596, reflecting the general rule that plaintiff's tort claim accrues from the date of injury. Thus, plaintiff's tort claim accrued on or about April of 2005 and his administrative tort claim should therefore have been filed by October 2005. But the complaint admits no claim was timely filed by that date. Because compliance with the CTCA is a prerequisite to viable tort claims against the Antioch defendants' plaintiff's Complaint

should be dismissed without leave to amend.

## IV.    CONCLUSION

For the reasons set forth above, the Antioch defendants ask that the Complaint be dismissed without leave to amend.

Dated:  July 2, 2007                    Respectfully submitted,

BERTRAND, FOX & ELLIOT


/s/

By: _____
     GREGORY M. FOX

**MEMO OF P&A IN SUPPORT OF CITY OF ANTIOCHS'S RULE 12(b)(6) MOTION**

5

I, K. A. Adams declare that:

I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, & Elliot for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

On **July 2, 2007**, I served the following document(s):

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANTIOCH DEFENDANTS' MOTION UNDER FEDERAL RULES 12(b)(6)**

in said cause, on the following interested parties:

Mojukhan Hampton                                    *Plaintiff in Pro Se*
C.M.C. West U-3-32-04-L
P.O. Box 8103
San Luis Obispo, CA  93403-8103

Said service was performed in the following manner:

( X )  **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Francisco, California, following the above-stated business practice, on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed **July 2, 2007,** at San Francisco, California.

/s/
_____
**K. A. Adams**