IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOJUKHAN HAMPTON,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF ANTIOCH,<br><br>        Defendant.<br>_____/ | No. C-07-03420 EDL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

On August 28, 2007, Defendant City of Antioch's motion to dismiss came on for hearing. Defendant was represented by Gregory Fox. Plaintiff appeared pro se by telephone. After full consideration of the papers, and for the reasons stated at the hearing, the Court grants Defendant's motion as follows:

Plaintiff's Complaint is dismissed with leave to amend. Plaintiff shall file an Amended Complaint no later than January 30, 2008. An Amended Complaint shall contain a clear explanation of what Plaintiff believes Defendants did that was unlawful, who did what, and a statement of what laws Plaintiff believes were violated by Defendants' conduct. The explanation should contain sufficient detail, including to the best of Plaintiff's knowledge the dates of the incident(s) and the name(s) of persons involved, so that the opposing parties may know the basis for the claims brought against them in the complaint. In addition, Plaintiff should detail the facts relating to his filing of an administrative complaint about the incident(s) with state or city/county authorities, attaching a copy of the administrative complaint to his Amended Complaint, along with any correspondence with the state or city/county authorities relating to the complaint. If Plaintiff does not have copies of these papers, Plaintiff should describe, in detail, what the papers said and when they were dated in his

1  Amended Complaint.  Plaintiff can find more information on what needs to be in a complaint in the
2  Pro Se Handbook, which is available on the district court's website, http://www.cand.uscourts.gov,
3  and which will be mailed to Plaintiff.  If Plaintiff fails to file an amended complaint that contains a
4  short and plain statement of the claim and the basis for federal court jurisdiction, this Court will
5  dismiss Plaintiff's complaint with prejudice.

6      Meanwhile, as agreed at the hearing, Defense counsel shall investigate what documents the
7  City of Antioch has relating to the arrest and incarceration that form the basis for Plaintiff's claims.
8  As also agreed, Defense counsel shall subpoena the Contra Costa Sheriff's Office to discover what
9  documents exist relating to the arrest and incarceration that form the basis for Plaintiff's claims.
10 Defense counsel shall also obtain a copy of the recording or transcript of a 911 call relating to the
11 relevant incident(s).  Defense counsel shall send copies of all relevant documents and/or recordings
12 produced in response to this investigation and subpoena to Plaintiff.

13     Plaintiff shall promptly review the documents and/or recordings he receives to determine
14 whether he believes that the Contra Costa Sheriff's Office should be added as a defendant in this
15 case.  If Plaintiff determines that the Contra Costa Sheriff's Office should be made a party, Plaintiff
16 shall add it as a party to the Amended Complaint and serve the Contra Costa Sheriff's Office with a
17 Summons and the Amended Complaint.

18     The Court denies Plaintiff's request for appointment of counsel at this time, without
19 prejudice.  Even if Plaintiff cannot retain counsel before January 30, 2008, Plaintiff must meet the
20 deadlines set by this Court.  If Plaintiff fails to file a Complaint before January 30, 2008, without
21 first obtaining leave for an extension by the Court, Plaintiff risks dismissal of his action.

22     All other initial deadlines previously set in this action are vacated.  A Case Management
23 Conference is set for March 25, 2008, at 10:00 a.m. in Courtroom E, 450 Golden Gate Avenue, San
24 Francisco, California.

25 **IT IS SO ORDERED.**

26 Dated: August 31, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

2